IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN ANTHONY GLOVER, JR., | No. 4:26-CV-00112 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUP'T S.C.I. COAL TWP., | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 19, 2026

Petitioner Justin Anthony Glover, Jr., is currently serving a life sentence imposed by the Court of Common Pleas of Dauphin County, Pennsylvania, for first-degree homicide, conspiracy, and abuse of a corpse.[1]  In January 2026, Glover filed the instant *pro se* "protective" petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which collaterally attacks his 2008 state-court convictions and sentence.[2]  Glover, however, has already filed one such petition in federal court that has been adjudicated and denied on the merits.[3]  Because Glover has not obtained permission from the appropriate court of appeals to file a second or

---

[1]  *See* Doc. 1 at 1.
[2]  *See generally* Doc. 1.
[3]  *See Glover v. Coleman*, 3:14-cv-01800, Docs. 45, 46 (M.D. Pa. Aug. 1, 2017), *certificate of appealability denied*, No. 17-2879 (3d Cir. Nov. 9, 2017), *certiorari denied*, *Glover v. Lane*, 138 S. Ct. 1991 (2018) (mem.).

successive Section 2254 petition,[4] this Court must dismiss the instant petition for lack of jurisdiction.[5]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[6] Of particular relevance for Glover's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[7] Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[8] However, even if a petitioner can potentially meet one of these exacting preconditions, he must first

---

[4]  Glover has not alleged or established that he has received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive Section 2254 petition. The Court has also independently scoured the Third Circuit's docket, and it does not appear that Glover has filed a motion for leave to file a second or successive Section 2254 petition.
[5]  *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").
[6]  *See generally* 28 U.S.C. § 2244.
[7]  *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).
[8]  28 U.S.C. § 2244(b)(2)(A)-(B).

"move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[9]

In his "protective" Section 2254 petition, Glover asserts that he has filed a new petition for post-conviction relief in state court (his fourth such petition) that is still pending, and he is filing the instant Section 2254 petition to protect his federal statute of limitations while he litigates in state court.[10] But the AEDPA's statute of limitations is a secondary concern for Glover. His primary problem is that he has already filed a fully adjudicated Section 2254 petition in federal court and therefore is precluded from filing another such petition in the district court unless he first obtains authorization from the Third Circuit.

Glover contends that his new Section 2254 petition, while second in time, is not a true "second or successive" habeas petition,[11] but he is wrong. That is exactly what it is. It is a second Section 2254 petition raising new claims that were not included in his prior, fully adjudicated petition. Moreover, his instant petition appears to be based on alleged newly discovered facts, which is one of the express grounds for seeking authorization from the court of appeals to file a second or successive petition.[12]

---

[9] *Id.* § 2244(b)(3)(A)-(C).
[10] *See* Doc. 3 at 4; Doc. 1 at 15.
[11] *See* Doc. 1 at 15-20.
[12] *See* 28 U.S.C. § 2244(b)(2)(B) (requiring authorization from court of appeals that "the factual predicate for the claim [in the second or successive Section 2254 application] could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

The cases on which Glover relies for his argument that the instant petition is not second or successive are inapposite. He first cites *Banister v. Davis*, 590 U.S. 504 (2020).[13] But *Banister* concerns a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) filed within 28 days after the denial of an initial Section 2254 petition, which the Supreme Court held is not a second or successive Section 2254 petition.[14]

Glover then strays into pre-AEDPA case law that relies on the outdated "abuse of the writ" doctrine.[15] However, the AEDPA's strict gatekeeping restrictions on second or successive Section 2254 petitions superseded the more "forgiving" abuse of the writ doctrine, a fact which, incidentally, is explained in *Banister*.[16] Glover's subsequent discussion of pre-AEDPA, abuse-of-the-writ requirements is therefore irrelevant and unpersuasive as to whether the instant Section 2254 petition is a second or successive application.

Finally, Glover invokes *Panetti v. Quarterman*, 551 U.S. 930 (2007). *Panetti*, too, is inapplicable. In that capital case, the petitioner attempted to raise a *Ford v. Wainright*[17] mental incompetency claim to avoid execution as soon as the

---

establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").
[13] *See* Doc. 1 at 15, 19, 20.
[14] *See Banister*, 590 U.S. at 507.
[15] *See* Doc. 1 at 16-18 (citing, primarily, *McCleskey v. Zant*, 499 U.S. 467 (1991)).
[16] *See Banister*, 590 U.S. at 514.
[17] 477 U.S. 399 (1986).

4

claim became ripe.[18]  The Supreme Court held that—under those specific and rare circumstances—doing so was not a second or successive application even though the petitioner had already filed an earlier Section 2254 petition.[19]  Glover, of course, is not raising a *Ford*-based mental incompetency claim to avoid state-sanctioned execution, so *Panetti* is of no assistance.  Furthermore, he provides no legal authority for his novel proposition[20] that *Brady v. Maryland*[21] and *Napue v. Illinois*[22] claims should be treated like *Ford*-based incompetency claims.[23]

Under the AEDPA, this Court does not have jurisdiction to entertain Glover's second or successive Section 2254 petition.[24]  If he desires to press a new post-conviction claim in this Court that was not raised in his initial Section 2254 petition, he must first obtain authorization from the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 2244(b)(3) before filing such a second or successive habeas petition in this Court.  Therefore, because it is clear that subject

---

[18]  *See Panetti*, 551 U.S. at 934-35, 937, 941.
[19]  *See id.* at 942-47.
[20]  *See* Doc. 1 at 19-20.
[21]  373 U.S. 83 (1963).
[22]  360 U.S. 264 (1959).
[23]  In fact, the Supreme Court has implicated the opposite.  For example, in *Rivers v. Guerrero*, a petitioner attempted to amend his adjudicated Section 2254 petition to include new claims based on newly discovered evidence that he had uncovered while appealing the district court's denial of his first habeas petition.  *See Rivers v. Guerrero*, 605 U.S. 443, 447-48 (2025).  The Supreme Court held that his second-in-time habeas filing (although related to the original petition) was a second or successive Section 2254 petition subject to the AEDPA's "strict procedural hurdles" found in Section 2244(b).  *See id.* at 446; *see also Case v. Hatch*, 731 F.3d 1015, 1019, 1026 (10th Cir. 2013) (requiring petitioner to satisfy Section 2244(b)'s strict procedural demands for a newly discovered *Brady v. Maryland* claim raised in federal court after an initial Section 2254 petition had been adjudicated and denied years earlier).
[24]  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

matter jurisdiction is lacking, the Court must dismiss the instant Section 2254 petition.[25]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Glover's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The Court declines to transfer the instant petition to the court of appeals. Glover is a seasoned *pro se* litigant who is quite capable of seeking authorization from the appropriate court of appeals to file a second or successive Section 2254 petition if he so desires. Additionally, 28 U.S.C. § 2244(b)(3)(D) provides a tight 30-day deadline for the court of appeals to make a determination on a motion for preauthorization of a second or successive petition, so there is no statute of limitations concern implicated by dismissal.

3. A certificate of appealability shall not issue. Glover has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4. Glover's motion (Doc. 2) "to hold these proceedings in abeyance pending exhaustion in state court" is **DISMISSED** as moot in light of the foregoing paragraphs.

5. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25] *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).